UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EUGENE LEON PRICE,

Plaintiff,

v.

RIZO FUENTES, et al.,

Defendants.

No. 1:26-cv-04257-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On June 5, 2026, the Court directed Plaintiff to complete and submit the proper application to proceed in forma pauperis by a prisoner or pay the $405.00 filing fee within forty-five days. (ECF No. 18.)

On June 18, 2026, Plaintiff submitted an application to proceed in forma pauperis; however, Plaintiff did not complete and submit the proper form to proceed in forma pauperis by a prisoner-which was sent with the Court's June 5, 2026 order. (ECF No. 20.)

On June 22, 2026, the Court issued a second order directing Plaintiff to submit the proper prisoner application to proceed in forma pauperis. (ECF No. 21.) Plaintiff failed to comply with

the Court's order. Therefore, on July 31, 2026, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 22.) Plaintiff has failed to respond to the order to show cause and the time to do so has passed. Accordingly, dismissal of the action is warranted.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure ... of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has failed to submit a complaint that is signed under penalty of perjury. This case cannot proceed without Plaintiff's compliance with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped complying with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. Carey, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's July 31, 2026, order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation to dismiss the action for failure to comply with a court order. (ECF No. 22.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

## III.

## ORDER AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey Court orders and for Plaintiff's failure to prosecute this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new**

**exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 8, 2026**



STANLEY A. BOONE
United States Magistrate Judge